## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ERIN LITTLE,                  )
                                 )
          Plaintiff,        )
                                 )
v.                            )     Case No.: 2:23-cv-02394-DDC-BGS
                                 )
GRAY MEDIA GROUP, INC.,    )
d/b/a KCTV 5                 )
                                 )
          Defendant.     )

## <u>DECLARATION OF ERIN LITTLE</u>

I, Erin Little, having been duly sworn, declare on my oath as follows:

1.    I am over eighteen years of age and am fully competent to make this statement based on personal knowledge.

2.    I am filing this Declaration to factually dispute certain statements made in briefing by defendant Gray Media Group, Inc.: To begin with, Paragraph 2 of Defendant's Statement of Facts is wrong. My first contract started January 17, 2018. (Defendant is factually erroneous in stating the starting date to be March 1, 2018). Defendant is correct that the 2018 Agreement expired January 16, 2022, leading to my latest Agreement.

3.    I dispute defendant's strange wording in ¶3 of its Statement of Facts, that I was "allegedly" promoted to Chief Meteorologist as part of my next contract. In fact, my contract explicitly mandates that I "fulfill the Role" of "Chief Meteorologist."  Yes, that role did result in my promotion.

4.    As will be described as my case progresses into further factual development, including when defendant takes my deposition, I will state for the record now that Gray was the

first to breach my contract, when my employer affirmatively chose to <u>NOT</u> use me on the air as Chief Meteorologist when I was cleared to return from covered FMLA leave in early 2023.

5.      As I will show much later in my lawsuit, when it comes time for the parties to file dispositive motions, Gray has no right to refer to or try to rely on any terms or provisions of my contract because Gray has breached the contract by forcing me off the air as Chief Meteorologist, thereby, shortening my 3-year contract term to only a one-year term of actually performing my job. I will fully describe all that occurred if asked to do so during my deposition.

6.      With respect to defendant's ¶7 (D's Memorandum, p.2), I did not knowingly and voluntarily waive my right to a jury trial for the statutory claims I am bringing in this lawsuit. At most, I was told that there was no negotiating away the "Bench Trial" provision. But I always understood it to cover claims arising under the Employment Agreement itself. I never understood it could supposedly cover any and all claims relating to my employment. Any suggestion that I knowingly waived my jury trial rights for all types of claims is false speculation.

7.      I note that defendant states in its Memorandum that it is my fundamental right to have a jury trial, and that a waiver must be "knowing and voluntary." I directly dispute defendant's argument – made without any supporting evidence – that I knowingly and voluntarily waived my right to have a jury determine my current claims that arise under federal law.

8.      I state to this Court as a matter of fact that there truly was an inherent gross inequality of bargaining power between me and Meredith Corporation. My Employment Agreement is divided as described on p. 1. Right after page 1 begins the **STANDARD TERMS AND CONDITIONS**, which have 27 numbered paragraphs covering pp. 2-9. Those 27 paragraphs were employed in my situation exactly as the words say: I had absolutely no say-so

and no ability to negotiate anything contained in those **STANDARD TERMS AND CONDITIONS**.

9.      Next is Exhibit A to the Employment Agreement. That part specifies the "Role" that I was to fulfill, Chief Meteorologist for 3 years. As stated, Gray was the first to breach the Employment Agreement by involuntarily removing me as Chief Meteorologist while I was on approved and proper FMLA leave for a serious health condition.

10.     Next is Exhibit B, specifying to my agreed to compensation in the amount of $230,000. My agent negotiated for me the amount of the compensation. Exhibit B has nothing to do with my rights to a jury trial for my current statutory claims.

11.     Exhibit C is entitled **RESTRICTIVE COVENANTS.** It covers pp. 12-13. I had absolutely no opportunity to negotiate any of the terms on those pages.

12.     Exhibit D is called **SPECIAL PROVISIONS**. This is the <u>only</u> part of the Employment Agreement in which I had any ability to negotiate certain terms. My ability to negotiate was limited to ¶'s 4,5,6,7,8,9. These self-explanatory paragraphs cover certain situations of my on-air work. It mentions nothing about my right to jury trial for my current statutory claims.

13.     Nowhere in my Employment Agreement are there any words or text that explicitly state or even imply that I waive my right to jury trial for claims arising out of "the employment relationship," as defendant repeatedly and erroneously suggests.

14.     It was **never** my intent that if I were treated in an illegal fashion with respect to federal statutory rights – such as FMLA leave or my age and gender – that I would waive my right to a jury trial. I never did so, and I deny the statements made by defendant to the contrary.

15.    I verify that the information provided herein is true and correct to the best of my knowledge and recollection under penalty of perjury under U.S.C. §1746.

Executed on this 21st day of November, 2023.

Erin Little