UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIN LITTLE,

       Plaintiff,

       v.

GRAY MEDIA GROUP, INC. doing business as KCTV 5,

       Defendant.

Case No. 23-2394-DDC-BGS

## MEMORANDUM AND ORDER GRANTING MOTION TO STRIKE JURY DEMAND

This matter comes before the Court on Defendant Gray Media Group, Inc.'s, d/b/a KCTV 5's (hereinafter "Defendant" or "KCTV5") motion to strike jury demand pursuant to Fed. R. Civ. P. 39(a). Doc. 8. In support of the motion, Defendant argues that Plaintiff Erin Little executed a knowing and voluntary waiver of her right to a jury trial in her employment contract. Plaintiff opposes the motion arguing, *inter alia*, that the contract is ambiguous, that the waiver was not knowing and voluntary, and any such waiver does not apply to her statutory causes of action.[1] For the reasons stated herein, the motion is **GRANTED**.

### I.  Background Facts

Plaintiff Erin Little (hereinafter "Little") brings this employment-discrimination action against her employer, KCTV5. Little is a 44-year-old female with over two decades of news broadcasting experience and possesses a college degree. She began working as a morning meteorologist for KCTV5 in 2018. KCTV5, at the time, was owned by Meredith Corporation. When she was hired, she executed a written employment contract with Meredith Corporation on

---

[1]Plaintiff requested an oral argument on Defendant's motion. However, a hearing is not necessary to decide the motion. Therefore, Plaintiff's request for oral argument is denied.

March 1, 2018, which ran until January 16, 2022. She was eventually promoted to Chief Meteorologist in 2021. After her first contract was set to expire, she executed a second written employment contract with Meredith Corporation which runs from January 17, 2022, through January 16, 2025. In the second employment contract, there is a provision which purports to waive Plaintiff's right to a jury trial. The provision is as follows:

> **24. Bench Trial**: The parties hereby voluntarily waive their right to a jury trial and agree to submit any claims to a court for a bench trial, to the full extent permissible under applicable law, Employee having been first advised to seek the advice of an attorney.

Defendant Gray Media Group, Inc. acquired Meredith Corporation in December 2021. Gray Media Group became the successor in interest to Meredith Corporation's rights and obligations under Little's employment agreement. After Defendant's acquisition, they appointed a new General Manager and News Director at KCTV5's station. Plaintiff alleges that the new General Manager and New Director began a campaign of discrimination and harassment towards her and other female employees. She goes on to allege numerous incidents of discrimination, harassment, and retaliation. As a result of Defendant's internal investigation, Plaintiff was suspended from her regular job activities. Plaintiff now brings claims for (1) sex and gender discrimination; (2) retaliation; (3) age discrimination; and (4) violations of the Family and Medical Leave Act. In the Complaint, Plaintiff "demands a trial by jury of all issues so triable herein." Doc. 1, at 26. Defendant now moves to strike the jury demand alleging Plaintiff waived her right to a jury trial in her employment contract.

## II. Legal Standard

"The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment." *Jacob v. City of New York*, 315 U.S. 752, 752, 62 S. Ct. 854, 854 86 L. Ed. 1166 (1942). Indeed, the right to a jury trial is a "vital and cherished right." *Bandokoudis v. Entercom Kansas City, LLC*, No. 2:20-cv-02155-EFM-GEB, 2021 WL 1575222, at *1 (D. Kan. Apr. 22, 2021). However, agreements to waive the right to a jury

2

trial are neither illegal nor contrary to public policy. *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988). A jury trial waiver must be "knowing and voluntary." *Bandokoudis*, 2021 WL 1575222, at *1.

The Tenth Circuit has not determined who carries the burden of demonstrating whether the waiver was knowing and voluntary; however, "the majority of courts have decided that the burden lies with the party seeking to enforce the contractual waiver." *Boyd v. U.S. Bank Nat. Ass'n*, No. 06-2115-KGS, 2007 WL 2822518, at *18 (D. Kan. Sept. 26, 2007). Courts looks to four factors when determining whether the contractual waiver of the jury-trial was knowing and voluntary: "(1) whether the clause containing the waiver was conspicuous; (2) whether there was a gross disparity in bargaining power between the parties; (3) the business or professional experience of the party opposing the waiver; and (4) whether the party opposing the waiver had an opportunity to negotiate contract terms." *Bandokoudis*, 2021 WL 1575222, at *2.

### III.   Analysis

The Court first notes that this is not the only case that has been initiated against Gray Media Group, Inc. in this District. There are two other cases with similar claims where Gray Media Group is a defendant.[2] In each of those two cases, the Defendant filed a similar motion to strike plaintiff's jury demand arguing that it has been waived via an employment agreement. The Magistrate Judge granted the motion to strike in both cases. Defendant filed a notice of supplemental authority on January 5, 2024, pursuant to D. Kan. Rule 7.1(f), advising the Court of the previous rulings. Plaintiff did not file a response to the notice. D. Kan. Rule 7.1(f) ("Any response must be made within 5 days"). The Court has reviewed the supplemental authorities; however, will nonetheless review the

---

[2]See case no. 2:23-cv-02287-JWB-ADM and case no. 2:23-cv-02420-DDC-ADM. The second of the two cases has been dismissed while the first case is still pending. The plaintiffs in all three cases share a common law firm: The Popham Law Firm, P.C. Different attorneys have entered their appearances for each case as well as additional counsel from other law firms.

parties' briefing on their own merit and will apply the law as it relates to this particular Plaintiff.

### A. Whether the Motion to Strike is Pre-Mature

The Court will first address Plaintiff's argument that Defendant's motion is "woefully premature." Doc. 21, at 9.  In support of its argument, Little states that discovery has not yet begun, the case is in its early stages, and more factual development may be necessary to determine the issues in Defendant's motion.  However, a motion to strike a jury demand may be filed prior to discovery when the Court has sufficient information to weigh the enumerated factors.  *Vinton-Zimmerman v. MidFirst Bank*, No. 3:20-CV-171-DPJ-FKB, 2020 WL 7133001, at *3 (S.D. Miss. Dec. 4, 2020) (rejecting a similar argument that a pre-discovery motion to strike a jury demand is premature). Here, Defendant supports its motion with the relevant employment agreements and its own declaration.  Plaintiff does not specify what discovery is needed or how any desired discovery would help the Court weigh the factors.  Moreover, two motions to strike a jury demand were recently decided at a similar procedural posture.  *See Taylor v. Gray Television, Inc.*, No. 23-2287-JWB-ADM, 2023 WL 6541314 (D. Kan. Oct. 6, 2023); *Orduna v. Gray Media Grp., Inc.*, No. 23-2420-DDC-ADM, 2024 WL 21506 (D. Kan. Jan. 2, 2024).  The Court finds that the motion is not premature and will therefore analyze the motion on its merits.

### B. Whether the Jury Trial Waiver was Knowing and Voluntary

First, the Defendant argues that Plaintiff's waiver was knowing and voluntary.  Plaintiff disagrees and contends that the purported waiver was not conspicuous[3], there was a gross disparity in bargaining power, and there was no opportunity to negotiate the contract.  The Court will address each factor in turn.

The first factor the Court must address is whether the clause in the waiver is conspicuous.

---

[3]The Court notes that the plaintiff in case no. 23-2287 conceded that a similar waiver provision was conspicuous.

To that end, the Court has reviewed the bench trial waiver provision as well as its context within the entirety of the 2022 employment agreement. The Court finds that the waiver is conspicuous. The provision is bold, underlined, and clearly labeled. It was not hidden within a lengthy paragraph nor was it produced as an attachment. Although Plaintiff contends that the format of the waiver provision was similar as to other paragraphs in the contract, that does not necessarily render a provision inconspicuous. *See F.D.I.C. v. Ottawa Univ.*, 906 F. Supp. 601, 602 (D. Kan. 1995). The Court finds that the waiver was conspicuous.

Next, the Court considers whether there is a gross disparity in bargaining power. "[T]here is an inevitably [sic] disparity in bargaining power between an employer and an employee." *Bandokoudis*, 2021 WL 1575222, at *2. However, the relevant inquiry is whether there is a *gross disparity* of bargaining power. *Boyd*, 2007 WL 2822518, at *18. Here, there is not a gross disparity of bargaining power between Plaintiff and Defendant.

Plaintiff was promoted to Chief Meteorologist in 2021, after which she negotiated a $90,000 pay raise to an annual salary of $230,000. She was able to negotiate a $90,000 pay raise. Moreover, she has been in the broadcasting industry for two decades and she has been working for KCTV5 for over 5-years and has gone through two rounds of contract negotiations. Through those negotiations, she was able to secure a promotion, a new job title, and a higher pay. Plaintiff argues that there are only four local televisions stations in the Kansas City area which limited her ability to pursue other options; however, there is no evidence that she had no choice but to accept the job position. Instead, there was a mutual interest in continuing her employment and she negotiated several provisions of the contract of which she received a benefit. Moreover, she has had ample business and professional experience which tends to show she is sophisticated and capable of understanding contractual provisions.

Plaintiff further argues that "Meredith [Corporation] is huge." Doc. 21, at 8. The Court is

unpersuaded. Although Meredith is a corporation with significant revenue, disparity in bargaining power is inherent in an employer-employee relationship and does not automatically invalidate a waiver provision in a contract. *MWK Recruiting, Inc. v. Jowers*, No. 1:18-CV-444-RP, 2020 WL 4370138, at *2 (W.D. Tex. July 30, 2020). The Court finds that Plaintiff is a sophisticated businesswoman and there was not a gross disparity in bargaining power. This factor weighs in favor of enforcing the waiver.

The third factor to consider is the business or professional experience of the party opposing waiver. Plaintiff does not dispute that she has business experience and that this factor likely supports waiver but asserts this is only one factor for the Court to consider. *See* Doc. 21, at 8. Indeed, the Court would have found that this factor supports waiver even if Plaintiff argued otherwise. Ms. Little has over two decades of experience in the industry, possesses a college degree, and has signed multiple contracts over the course of her employment. Accordingly, the Court finds this factor tends to support enforcement of the jury waiver provision.

The fourth and final factor for the Court to consider is whether Ms. Little had the opportunity to negotiate her contract. In support of its motion, Defendant contends that Ms. Little was not only given an opportunity to negotiate her contract, but in fact actively negotiated parts of her contract including her pay and job title. Plaintiff makes several arguments to the contrary. First, she attached a self-serving affidavit to her response in which she alleges that she was only able to negotiate certain terms in her contract that did not include the jury waiver. Self-serving affidavits are often given less weight when offered as evidence. *See, e.g.*, *Chadwell v. United States*, No. 20-1372-JWB-BGS, 2023 WL 6664986, at *4 (D. Kan. Oct. 12, 2023) (citing *Sice v. Oldcastle Glass, Inc.*, No. CIV.A.03-BB-114(PAC), 2005 WL 82148, at *4 (D. Colo. Jan. 10, 2005)).

Moreover, Plaintiff does not allege that her requests to remove or change the provision were summarily rejected. Her belief amounts to speculation and is not a basis to find that the waiver was

6

not knowing and voluntary. *Orduna v. Gray Media Grp., Inc.*, No. 23-2420-DDC-ADM, 2024 WL 21506, at *4 (D. Kan. Jan. 2, 2024). [L]ack of actual negotiations does not necessarily mean the contract was not negotiable . . . [r]ather, the question is whether there was an opportunity for negotiation." *Jones v. Tubal-Cain Hydraulic Sols., Inc.*, No. 4:16-CV-01282, 2017 WL 3887235, at *2 (S.D. Tex. Sept. 5, 2017) (internal citation omitted). Here, Plaintiff hired an agent for her to negotiate her contract including her annual salary. The jury waiver provision also advised her to seek the advice of an attorney. The Court is persuaded that she had an opportunity to negotiate her contract and did in fact take that opportunity. Plaintiff and her agent may not have chosen to negotiate every provision, but that is does not mean those provisions were non-negotiable. *See Jones*, 2017 WL 3887235, at *2.

Second, she argues that the contract largely contained boilerplate provisions which favored the employer and left no room for negotiation. Even if there were certain provisions the Defendant was not willing to negotiate, it does not change the fact that Plaintiff and her agent were able to negotiate a salary raise of $90,000. Plaintiff further admits she was able to negotiate six different contractual provisions, including the special provisions section. The fact that Defendant may have rejected Plaintiff's proposed changes does not necessarily mean that Plaintiff's waiver was not knowing and voluntary. *Boyd*, 2007 WL 2822518, at *19. As such, the Court finds this factor supports waiver.

After considering the relevant factors, the Court concludes that Erin Little executed a knowing and voluntary waiver of her right to a jury trial. Ms. Little is an educated woman with decades of business experience. She entered into an employment contract which she and her retained agent negotiated and presumably found to be in her best interests. Consequently, the Court finds that jury trial waiver was knowing and voluntary.

### C. Whether the Jury Trial Waiver applies to the Statutory Claims

Plaintiff next argues that even if there was a valid jury trial waiver, it only applies to contractual claims and not to her statutory claims. She alleges four counts in her complaint: (1) sex/gender discrimination in violation Title VII; (2) retaliation in violation of Title VII; (3) age discrimination in violation of the Age Discrimination in Employment Act; and (4) violations of the Family Leave and Medical Act. Specifically, Plaintiff alleges that the contract is ambiguous and should be read to only apply to claims that arise out of the contract, and not to the causes of action in this lawsuit. She further alleges that any ambiguity should be construed against the drafter and in favor of the other party.

The Court does not agree that the jury trial waiver provision is ambiguous. The jury waiver provision provides:

> **24. Bench Trial**: The parties hereby voluntarily waive their right to a jury trial and agree to submit any claims to a court for a bench trial, to the full extent permissible under applicable law, Employee having been first advised to seek the advice of an attorney.

Plaintiff primarily asserts that the documents, if at all, waived a right to a jury trial for "any claims" arising out of the contract. However, the provision does not limit the waiver to any claims arising out of the contract. The provision does not mention the word "contract", nor does it contain any limiting language. Simply because the use of "any claims" is broad does not render the contract ambiguous. *See, e.g., Perlman v. Wells Fargo Bank, N.A.*, No. 10-81612-CV, 2012 WL 12854876 (S.D. Fla. Apr. 3, 2012) ("Terms that are intentionally very broad are not ambiguous for that reason, and requiring a party to list specific examples rather than rely on the word *any* would only add more confusing verbiage without any corresponding benefit to comprehension."). Moreover, when the plain language of the contract is clear, presumption against waiver is not appropriate. *See Montalvo v. Aerotek, Inc.*, No. 5:13-CV-997-DAE, 2014 WL 6680421, at *14 (W.D. Tex. Nov. 25, 2014). "[C]ourts have held that statutory discrimination claims, by their nature, arise out of employment

8

contracts." *Orduna*, 2024 WL 21506, at *5. Accordingly, the Court does not find that the employment contract is ambiguous, and the jury trial waiver provision applies to all of Little's statutory claims.

### D. Whether Defendant is in Breach of the Contract

Lastly, Plaintiff argues that Defendant breached the employment contract, and as such, the contract should be rendered unenforceable. Doc. 21, at 5. Plaintiff specifically contends that Defendant banned her from doing her job during the year of 2023. Doc. 21-1, at 2. Defendant denies that it breached the contract and further argues that the issue is not properly before the Court. Doc. 24, at 5. The Court agrees with the Defendant that this argument fails.

Plaintiff is still employed by the Defendant and is receiving compensation. Doc. 24, at 6. As Defendant notes in its brief, the 2022 employment agreement provides:

> **15. Pay, No Play**: Nothing in this Agreement shall be deemed to obligate Employer to use Employee's service on any program or to broadcast or otherwise exploit any program, or recording thereof, for which such services have been performed. Employer shall have fulfilled its obligations under the Agreement by remitting to Employee the compensation specified herein until the termination of Employee's employment.

In relevant part, the contract states that the Defendant is not obligated to use Plaintiff's services and that its obligations are fulfilled by compensating Plaintiff as agreed to in the contract. Plaintiff does not allege that Defendant has refused to pay her. Accordingly, Plaintiff's allegations that Defendant banned her from being on air is not a basis to render the jury waiver provision unenforceable.

### IV. Conclusion

While trial by jury is a vital right that is integral in our judicial system, a party may execute a valid waiver of that right. *City of Morgantown, W. Va. v. Royal Ins. Co.*, 337 U.S. 254, 258, 69 S. Ct. 1067, 1069, 93 L. Ed. 1347 (1949); *Boyd*, 2007 WL 2822518, at *17. The Court finds that Plaintiff's waiver was knowing and voluntary, the waiver provision was not ambiguous, and the contract is valid and enforceable. Defendant's motion to strike is **GRANTED**.

9

**IT IS THEREFORE ORDERED** that Defendant's motion to strike Plaintiff's jury demand, Doc. 8, is **GRANTED**.

**IT IS SO ORDERED.**

Dated February 14, 2024, at Wichita, Kansas.

/s BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge