IN THE US DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIN LITTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:23-cv-02394-DDC-BGS |
| | ) |
| GRAY MEDIA GROUP, INC., | ) |
| d/b/a KCTV5, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF LITTLE'S OBJECTION TO DEFENDANT'S BILL OF COSTS

On August 6, 2025 defendant filed its Bill of Costs. Plaintiff files this timely objection raising the following grounds:

1. Only those costs specifically specified in 28 U.S.C. §1920 are properly taxable. The Clerk of the Court **must deny** all other costs requested, even if the opposing party has failed to make an objection. Defendant seeks total costs of $16,546.14. Plaintiff objects to — and requests subtraction of — **$4,501.80** from that total. The corrected total of taxable costs should be reduced to **$12,044.34**. Specifics are explained below.

2. "**Fees for service of summons and subpoena**": Defendant seeks $705. Plaintiff objects to this $705 entry in its entirety, including **every invoice** submitted within what defendant has labeled Ex. 1. There is no explanation as to how and why these expenditures by defendant were "necessarily obtained" for use in this case. Specifically, Item No. 1 is a $185 charge for "a subpoena" to be served on "Shawnee Mission." For what? No explanation. No witness was subpoenaed. This could have been for some form of records obtained for the convenience of defense counsel. But defendant is required to

1

show **necessity**, and submitting bills is insufficient. The same is true for an invoice totaling $150 for "Additional Paper" from "Lincoln Financial Group c/o Prentiss Hall Corp. System." Again there is absolutely **no explanation** provided as to how the "additional paper" was "necessarily obtained" for, and used, in this case. The next expenditure is for $185 – itemized only as "Subpoena - RUSH Service." This supposedly was served on "Travelers Companies c/o CSC-Lawyers Incorporating Service Co." For what? Why? How was it necessary as required by §1920? Again, no explanation as to how and why this unexplained $185 invoice equals a truly taxable cost. The same objection is true for the next charge of $185, which requests "Subpoena – RUSH Service" on "SAG-AFTRA-Missouri Valley Local." Plaintiff has <u>no</u> idea what this relates to; nor does defendant provide the specific proof needed to show that this item is a taxable cost fitting the statutory category "service of summons and subpoena." The charges totaling **$705 should be denied**, and not taxed as costs,

3.  "**Fees for exemplification and costs of making copies**..." Plaintiff has no objection to the $52.82 submitted, but **plaintiff does object to the $500** cost paid to David P. Robbins. There is **no showing whatsoever** that David Robbins' records were "necessarily obtained for use in this case." Robbins was not deposed. This case was terminated on summary judgment (7/2/25), and defendant has not shown, and cannot show, that they used any part of the Robbins file at any time in this case. **This $500 amount should not be taxed**.

4.  "**Fees for…transcripts necessarily obtained for use in the case**." Exhibit 2 seeks $15,288.32 — purportedly for depositions and copies of depositions "necessarily

obtained for use in the case." The most **glaringly objectionable** charge within this category is an invoice that appears on p. "24 of 35" seeking a total of **$2,974.80**. As best plaintiff's counsel can tell, this is a totally non-statutory, **non-taxable** charge for transcribing audio tapes turned over by plaintiff during discovery. First, transcribing taped conversations **appears nowhere** within §1920, nor within case law. Second, the audio recordings **themselves** are the only proper evidence for use in this case. And plaintiff provided exact audio files to defendant without charge, during discovery. Finally, if defense counsel sought to transcribe the tapes, this is quintessentially a non-taxable expenditure **made for the convenience of counsel**. Defendant surely had the right to spend its money to transcribe audio tapes for ease of reference, strategy, etc…But such an expenditure falls outside taxable costs for "transcripts necessarily obtained for use in the case." **That $2,974.80 charge should be denied in its entirety**, and not taxed against plaintiff.

5. Within the same category, Plaintiff objects to "Deposition Summary" Charges. Defendant is entitled only to costs for taking depositions, for receiving copies of depositions plaintiff takes, and for copying of deposition exhibits. But multiple invoices contain a charge titled "Deposition Summary": $25 - William Rogers invoice (p.16 of 35); $99 for "Smart Summary" for Maurice Gibson (p. 20 of 35); $99 for "Smart Summary" for Laurel Berenguer (p. 29 of 35); $99 for "Smart Summary" for Larry Eighme (p. 33 of 35). None of these summaries are recoverable as taxable "costs" — they were for convenience of defense counsel. Thus, an additional **$322** also should be **subtracted from this total**.

3

## The Law Requires Subtractions

6.  Spending $2,974,80 for transcribing audio tapes doubtless was efficient and helpful to defendant. But "it does not follow" that such expenditures can be shifted to plaintiff under the explicitly limited cost statute embodied in 28 U.S.C. §1920. **<u>Batenfeld of America Holding Co., Inc. v. Baird Kurtz & Dobson</u>**, 196 F.R.D. 613, 616 (D. Kan. Lungstrum 2000). Similarly, as to expenses paid for unspecified records ($705; Ex. 2), or $500 for David Robbins records, or $322 for summaries, defendant "bear(s) the burden of establishing that the costs fall within…§1920." <u>Id</u>. at 617. They simply **do not**. A copy is "necessarily obtained" only "where the court believes its procurement was reasonably necessary to the prevailing party's preparation of its case." <u>Id</u>. Submitting a collection of vague bills from copying sources for unspecified records, for transcribing tapes, for summarizing depositions, all "without identifying the use made" for such items falls short. <u>Id</u>. Also see, **<u>Berry v. General Motors Corp</u>**., 1995 W.L. 584496 (Dist. Kan. 1995)(denying taxation of various costs that did not fall within 28 U.S.C. §1920.

## Conclusion

The corrected total for taxable costs should be reduced (-$4,501.80) to a total of no more than **$12,044.34**. Defendant has not carried its burden under law to establish that its totals qualify as truly taxable "costs" within the meaning of 28 U.S.C. §1920.

Respectfully submitted,

**THE POPHAM LAW FIRM, PC**

By: /s/ Dennis E. Egan
DENNIS E. EGAN, KS  70672
712 Broadway, Suite 100
Kansas City, Missouri 64105
(816) 221-2288
(816) 221-3999 facsimile
degan@pophamlaw.com

**WHITE, ALLINDER, GRAHAM, BUCKLEY, & CARR, L.L.C**

By:  /s/ Gene P. Graham, Jr.
Gene P. Graham, Jr., KS 70615
Deborah J. Blakely,     KS 19010
19049 East Valley View Parkway
Independence, Missouri 64055
(816) 373-9080 Fax: (816) 373-9319
ggraham@wagblaw.com
dblakely@wagblaw.com

**THE MEYERS LAW FIRM, LC**

By:  /s/ Martin M. Meyers
Martin M. Meyers, KS 14416
4435 Main Street, Suite 503
Kansas City, Missouri 64111
(816) 444-8500
mmeyers@meyerslaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was served this 19th day of August 2025 via ECF filing to the following counsel:

Mike Matula
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
700 W. 47th Street, Suite 500
Kansas City, MO 64112
Phone: 816.471.1301
Email: michael.matula@ogletree.com

And

Kelly M. Hayes, D. Kan. # 79125
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Phone: 314.312.4957
Email: Kelly.hayes@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**

/s/ Dennis E. Egan
Attorney for Plaintiff